**In re Ira Wesley CROUCH, Cecilia Vivian Crouch, Debtors.**

**Bankruptcy No. 1–83–00147.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 23, 1983.

Robert A. Goering, Cincinnati, Ohio, for debtors.

William R. Schumacher, Cincinnati, Ohio, Chapter 13 Trustee.

### DECISION

BURTON PERLMAN, Bankruptcy Judge.

Debtors filed a Chapter 13 petition. A creditors meeting pursuant to § 341 was held and the case came on for hearing on confirmation. Objections by several creditors had been filed, but debtors had successfully dealt with creditors in respect to these objections and submitted a second amended plan. At the initial setting for hearing on confirmation the request of debtors was that the hearing be continued so that the second amended plan could be submitted and made the subject of a final hearing on confirmation. At the initial hearing on confirmation we raised a question about compliance with 11 U.S.C. § 109(e), and asked the Chapter 13 trustee to make inquiry on this score and inform us of the outcome of his inquiry. In addition, we requested memoranda from counsel. Both of these matters have been submitted to the court, as a result of which we issue this decision.

Involved here is a business case, for the Chapter 13 statement says that debtors operate two coin operated laundry facilities, one dry cleaning establishment and a laundry equipment sale and repair business. Secured debts are scheduled at a total of $349,874.49. The several loans there involved are secured by both real and personal property. Unsecured debt is scheduled at $89,209.48. Proofs of claim have been filed by secured creditors. They show that in stating the indebtedness to secured creditors in several instances, debtors have omitted the interest indebtedness. The interest indebtedness claimed is in the vicinity of some $17,000.00. This means that the total indebtedness to secured creditors exceeds the $350,000.00 permitted by § 109(e). The advice to us from the Chapter 13 trustee confirms that the secured indebtedness in this case exceeds $350,000.00. In commenting upon this debtors in their memorandum observe that the amounts set forth in the proofs of claim include post-filing interest. Debtors suggest, on the basis of *In Re Jonathan Kutner* 3 B.R. 422, 6 B.C.D. 289 (Bkrtcy.N.D.Tex., 1980), that indebtedness should be computed as of the time of filing of the petition. Debtors say that if we were to do this "the Court could find it was within the limits established by the Code." It is clear to us that, since this case was filed January 21, 1983, and all proofs of claim now in the file were filed prior to March 24, 1983, that of the interest owed to secured creditors not shown in the Chapter 13 statement, an appreciable amount, certainly more than enough to cause the total of secured indebtedness to exceed $350,-

000.00, had accrued pre-filing. In any case, the plan submitted by debtors, with respect to claims of secured creditors propose an amount for allowed secured claims in the vicinity of $190,000.00. From this it follows that debtors are of the view that secured creditors are owed an amount in the vicinity of $120,000.00 in unsecured indebtedness, representing the difference between claims of secured creditors and the allowed secured value of the collateral. When this is added to the amount stated in the Chapter 13 statement for unsecured creditors of approximately $89,000.00, it is clear that the unsecured indebtedness exceeds $100,000.00.

In arguing in favor of confirmation notwithstanding noncompliance with § 109(e), debtors point out that no creditor has objected to confirmation on this basis, and further that Chapter 13 would be an ideal way to handle reorganization for these debtors. Debtors question whether the court should raise an objection of this sort on its own motion.

We have carefully considered the matters raised by debtors, but have concluded that under the circumstances we cannot confirm a Chapter 13 plan. Notwithstanding the acquiescence of creditors and the desires of debtors, Congress has set forth at 11 U.S.C. § 109(e) limits of the availability of Chapter 13 and we are bound to apply that statute when we become aware that its limits are being exceeded in a case over which we have authority. It is tempting to do otherwise, to close one's eyes to noncompliance with the statute, on the theory, urged by debtors "who better to gauge their own best interests than the creditors." But this is after all a court of law and we are a judicial officer sworn to uphold and apply the laws of the United States.

Confirmation of this Chapter 13 case is denied. Debtors are given ten (10) days from the date hereof to make application for conversion or dismissal, in the absence of which this case will stand dismissed at the end of such ten days.

SO ORDERED.